**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sergio DURAN–GOMEZ, also known as Sergio Duran, Defendant–Appellant.**

No. 04–40601.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Rudy Xavier Rodriguez, Peter J. Bray, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Sergio Duran–Gomez entered a guilty plea to one count of being found illegally in the United States following deportation and a prior conviction for a drug-trafficking offense. He appeals his conviction and

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence of forty-six months of imprisonment and three years of supervised release.

For the first time on appeal, Duran–Gomez contends that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Duran–Gomez acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Mancia–Perez,* 331 F.3d 464, 470 (5th Cir.), *cert. denied,* 540 U.S. 935, 124 S.Ct. 358, 157 L.Ed.2d 245 (2003).

Additionally, as Duran–Gomez concedes, his argument that his sentence was imposed in violation of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is foreclosed by circuit precedent. *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263). The judgment of the district court is AFFIRMED.